G. Oliver KOPPELL, Arnold Linhardt, Marie Morrison, Plaintiffs–Appellants,

v.

NEW YORK STATE BOARD OF ELECTIONS, Thomas R. Wilkey, as Executive Director of the New York State Board of Elections, Carol Berman, Neil W. Kelleher, Helena Moses Donohue, and Evelyn J. Aquila, as Commissioners of the New York State Board of Elections, and George E. Pataki, as Governor of the State of New York, Defendants–Appellees.

Docket No. 98–9074.

United States Court of Appeals, Second Circuit.

Argued Aug. 26, 1998.

Decided Aug. 28, 1998.

Fred Taylor Isquith, Wolf, Haldenstein, Adler, Freeman & Herz, New York, New York, for Plaintiffs–Appellants.

Joel Graber, Assistant Attorney General (Dennis C. Vacco, Attorney General of the State of New York, of counsel), New York, New York, for Defendants–Appellees.

Before: WINTER, Chief Judge, MESKILL, and WALKER, Circuit Judges.

PER CURIAM:

G. Oliver Koppell, a candidate for the Democratic nomination for Attorney General, and Arnold Linhardt and Marie Morrison, New York state voters, appeal from Judge Stein's order denying their motion for a preliminary injunction. Appellants claim that the district court abused its discretion by refusing to enjoin a lottery system of ballot placement. We affirm.

 We review a denial of a preliminary injunction for abuse of discretion. *See Hickerson v. City of New York,* 146 F.3d 99, 103 (2d Cir.1998). Where "(1) the injunction

sought 'will alter, rather than maintain, the status quo' ... or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits,'" the moving party must demonstrate both irreparable harm and a clear or substantial likelihood of success on the merits. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (quoting *Tom Doherty Assocs. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir.1995)).

▪ Appellants contend that New York Election Law § 7–116(3), which requires that the ballot order of candidates seeking a particular nomination in a primary election be determined by lottery in the 57 counties outside New York City, violates their First and Fourteenth Amendment associational rights and that New York State's use of two systems to determine ballot placement—a rotational system in New York City and a lottery system outside New York City—violates their right to equal protection of the laws. We find that plaintiffs have failed to show a substantial likelihood of success on the merits.

▪ We have noted that "when a state election law provision imposes only reasonable, nondiscriminatory restrictions ... the State's important regulatory interests are generally sufficient to justify the restrictions." *Schulz v. Williams*, 44 F.3d 48, 56 (2d Cir.1994) (internal quotation marks omitted). In the instant case, the alleged restrictions are, by definition, nondiscriminatory. As long as a state's system of ballot placement treats all candidates in a nondiscriminatory manner, there is no constitutional right to a preferred position on a ballot. *See Board of Election Comm'rs v. Libertarian Party*, 591 F.2d 22, 27 (7th Cir.1979) (all that is required is that the procedure "be neutral in character"). Moreover, appellees have shown that in not one of the past 23 primaries since 1972 has "position bias" affected the outcome of an election. Finally, there is no constitutional infirmity in the use of a dual system—one in New York City, one elsewhere—of non-discriminatory ballot access schemes.

The district court did not, therefore, abuse its discretion in concluding that plaintiffs failed to show a clear or substantial likelihood of success on the merits.

Accordingly, we affirm.